IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
NORTHERN DIVISION

No. 2:20-CV-65-FL

| | | |
|---|---|---|
| ANGELA RICHARDSON GLOVER, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | **ORDER** |
| | ) | |
| KILOLO KIJAKAZI, Acting | ) | |
| Commissioner of Social Security, | ) | |
| | ) | |
| Defendant. | ) | |

This matter comes before the court on the parties' cross-motions for judgment on the pleadings. (DE 18, 20). Pursuant to 28 U.S.C. § 636(b)(1) and Federal Rule of Civil Procedure 72(b), United States Magistrate Judge Kimberly A. Swank, issued a memorandum and recommendation ("M&R") (DE 22), wherein it is recommended that the court deny plaintiff's motion, grant defendant's motion, and affirm the final decision by defendant. Plaintiff timely objected to the M&R. In this posture, the issues raised are ripe for ruling. For following reasons, plaintiff's motion for judgment on the pleadings is denied, and defendant's motion for judgment on the pleadings is granted.

**BACKGROUND**

On October 23, 2017, plaintiff filed applications for a period of disability and disability insurance benefits, as well as supplemental security income, alleging disability beginning May 1, 2016. The applications were denied initially and upon reconsideration. A hearing was held on December 3, 2019, before an administrative law judge ("ALJ"), who determined that plaintiff was

not disabled in a decision dated January 15, 2020.  After the appeals council denied plaintiff's request for review, plaintiff commenced the instant action on October 1, 2020, seeking judicial review of defendant's decision.

**DISCUSSION**

A.      Standard of Review

The court has jurisdiction under 42 U.S.C. § 405(g) to review defendant's final decision denying benefits.  The court must uphold the factual findings of the ALJ "if they are supported by substantial evidence and were reached through application of the correct legal standard." Craig v. Chater, 76 F.3d 585, 589 (4th Cir. 1996).  "Substantial evidence" means "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Biestek v. Berryhill, 139 S. Ct. 1148, 1154 (2019).[1]  The standard is met by "more than a mere scintilla of evidence . . . but less than a preponderance." Laws v. Celebrezze, 368 F.2d 640, 642 (4th Cir. 1966).  In reviewing for substantial evidence, the court is not to "re-weigh conflicting evidence, make credibility determinations, or substitute [its] judgment" for defendant's. Craig, 76 F.3d at 589.

"A necessary predicate to engaging in substantial evidence review . . .  is a record of the basis for the ALJ's ruling, which should include a discussion of which evidence the ALJ found credible and why, and specific application of the pertinent legal requirements to the record evidence." Radford v. Colvin, 734 F.3d 288, 295 (4th Cir.2013).  An ALJ's decision must "include a narrative discussion describing how the evidence supports each conclusion," Mascio v. Colvin, 780 F.3d 632, 636 (4th Cir. 2015), and an ALJ "must build an accurate and logical bridge from the evidence to his [or her] conclusion." Monroe v. Colvin, 826 F.3d 176, 189 (4th Cir. 2016).

---

[1]      Internal citations and quotation marks are omitted from all citations unless otherwise specified.

To assist in its review of defendant's denial of benefits, the court may "designate a magistrate judge to conduct hearings . . . and to submit . . . proposed findings of fact and recommendations for the disposition [of the motions for judgment on the pleadings]." See 28 U.S.C. § 636(b)(1)(B). The parties may object to the magistrate judge's findings and recommendations, and the court "shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made." Id. § 636(b)(1). The court does not perform a de novo review where a party makes only "general and conclusory objections that do not direct the court to a specific error in the magistrate's proposed findings and recommendation." Orpiano v. Johnson, 687 F.2d 44, 47 (4th Cir. 1982). Absent a specific and timely filed objection, the court reviews only for "clear error," and need not give any explanation for adopting the M&R. Diamond v. Colonial Life & Accident Ins. Co., 416 F.3d 310, 315 (4th Cir. 2005); Camby v. Davis, 718 F.2d 198, 200 (4th Cir.1983). Upon careful review of the record, "the court may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1).

The ALJ's determination of eligibility for Social Security benefits involves a five-step sequential evaluation process, which asks whether:

> (1) the claimant is engaged in substantial gainful activity; (2) the claimant has a medical impairment (or combination of impairments) that are severe; (3) the claimant's medial impairment meets or exceeds the severity of one of the [listed] impairments; (4) the claimant can perform [his or her] past relevant work; and (5) the claimant can perform other specified types of work.

Johnson v. Barnhart, 434 F.3d 650, 654 n.1 (4th Cir. 2005) (citing 20 C.F.R. § 404.1520). The burden of proof is on the social security claimant during the first four steps of the inquiry, but shifts to defendant at the fifth step. Pass v. Chater, 65 F.3d 1200, 1203 (4th Cir. 1995).

In the instant matter, the ALJ performed the sequential evaluation. At step one, the ALJ found that plaintiff had not engaged in substantial gainful activity since the alleged onset date,

3

May 1, 2016.  At step two, the ALJ found that plaintiff had the following severe impairments:

irritable bowel syndrome, mixed incontinence, degenerative disc disease, hypertension, diabetes,

migraines, hearing loss, obesity, depression, and anxiety.  However, at step three, the ALJ

determined that these impairments were not severe enough to meet or medically equal one of the

listed impairments in the regulations.

Before proceeding to step four, the ALJ determined that during the relevant time period

plaintiff had the residual functional capacity ("RFC") to perform less than the full range of light

work, set forth as follows:

5.    After careful consideration of the entire record, the undersigned finds that the claimant has the residual functional capacity to perform less than the full range of light work as defined in 20 CFR 404.1567(b) and 416.967(b).  She can lift and/or carry, 20 pounds occasionally and 10 pounds frequently; stand and walk in combination six hours in an eight-hour workday; sit six hours in an eight-hour workday.  She requires a sit/stand option in 30-minute intervals throughout the workday.  She can frequently handle and finger bilaterally; occasionally climb ramps and stairs; never climb ladders, ropes, or scaffolds; occasionally balance, stoop, kneel, crouch, and crawl.  She should avoid concentrated exposure to moving machinery, hazardous machinery, unprotected heights, and loud noise.  She can understand, remember, and carry out simple instructions, which is defined to mean activity which is consistent with a reasoning level of 2 of 3 as defined in the Dictionary of Occupational Titles.  She can sustain concentration, attention, and pace sufficient enough to carry out those instructions over an eight-hour workday in two-hour increments.  She can work in proximity to but not in coordination with coworkers and supervisors and can have only superficial contact with the general public.  She can work in a low stress setting, which is specifically defined to mean no fast paced production, only simple work-related decisions, and few or no changes in the work setting.  She can have three restroom breaks consistent with the regular work breaks in the workday (15 minutes in the morning, 30 to 60 minutes for lunch, and 15 minutes in the afternoon).

(Tr. 21).

At step four, the ALJ concluded plaintiff is unable to perform any past relevant work.  At

step five, the ALJ found that there are jobs that exist in significant numbers in the national economy

that plaintiff can perform.  Thus, the ALJ concluded that plaintiff was not disabled under the terms

of the Social Security Act.

4

B.      Analysis

In her objections, plaintiff argues that the ALJ erred in failing: 1) to provide a function by function analysis, 2) to adequately analyze the need for frequent bathroom breaks, and 3) to properly analyze plaintiff's depression and anxiety.  Plaintiff, however, identifies no particular error in the analysis of the M&R.  Instead, plaintiff restates similar arguments and cites the same evidence cited in her motion for judgment on the pleadings.  (See Pl.'s Obj. (DE 23) at 4-6; Pl.'s Mem. (DE 21) at 9-12).  Upon careful review of the record, the court finds that the magistrate judge already has addressed cogently the arguments set forth in plaintiff's objections, and plaintiff raises no issues with the analysis in the M&R for the court to review.  See Orpiano, 687 F.2d at 47.  Having reviewed the entire record de novo, the court agrees with the findings and analysis set forth in the M&R, and, therefore, adopts the M&R in full.  See 28 U.S.C. § 636(b)(1).

To augment the analysis in the M&R, the court writes separately to address plaintiff's argument that the ALJ failed to provide a function by function analysis.   Plaintiff contends in her objections that the ALJ's decision "lacks any analysis of functional limitations," and "[i]nstead there is simply a summary of the evidence and a conclusion that [plaintiff] can perform light work." (Pl's Obj. (DE 23) at 5).  This is not correct.  In fact, the ALJ discusses in detail plaintiff's functional limitations, after summarizing the evidence.  For example, the ALJ states "[t]he undersigned finds the medical evidence of record generally does not fully support the alleged loss of functioning."  (Tr. 26).  Regarding irritable bowel syndrome and fecal incontinence, the ALJ specifically weighs multiple items of evidence, concluding that "[b]ased on the totality of the evidence before the undersigned, three restroom breaks are reasonable."  (Id.).  Regarding degenerative disc disease, the ALJ again weighs multiple items of evidence, in combination, concluding plaintiff is subject to "postural and environmental limitations and a sit/stand option."

5

(Id.).  Regarding blood pressure, diabetes, and migraines, the ALJ again weighs the evidence, including medication and treatments, and concludes they are "all accommodated by the highly restrictive residual functional capacity."  (Id.).  Regarding depression and anxiety, the ALJ again undertakes a specific assessment and weighing of the evidence, which was summarized earlier in the decision, as a basis for including the mental limitations in the RFC.  (Id.).

In sum, this is not "simply a summary of the evidence and a conclusion that [plaintiff] can perform light work," as plaintiff argues.  (Pl's Obj. (DE 23) at 5).  Accordingly, remand for further explanation is not warranted.

## CONCLUSION

Based on the foregoing, the court ADOPTS the M&R (DE 22).  Plaintiff's motion for judgment on the pleadings (DE 18) is DENIED, and defendant's motion for judgment on the pleadings (DE 20) is GRANTED.  The clerk is DIRECTED to close this case.

SO ORDERED, this the 23rd day of March, 2022.


LOUISE W. FLANAGAN
United States District Judge

6